JOHN CULLEN *vs.* THE STATE.

The statute of 1872, which provides for the licensing of the sale of intoxicating liquors and prohibits the sale except under such licences, was intended to be exhaustive of the subject of the sale of liquors, and by necessary intendment repealed the previously existing statute which prohibited such sale absolutely.

WRIT OF ERROR from a judgment against the plaintiff in error in the Superior Court in Tolland County, on a grand-juror's complaint for keeping intoxicating liquors with intent to sell the same in violation of law, the case having been brought to that court by an appeal from the judgment of a justice of the peace. The case is sufficiently stated in the opinion.

*West* and *Marcy*, for the plaintiff in error.

*Bill*, State's Attorney, for the defendant in error.

PARK, C. J. The decision in this case depends upon the question whether the section of the statute of 1854 which forbids the sale of intoxicating liquors, was in force in the year 1874, when the prosecution was instituted; for it is clear that if a person could not then be prosecuted for selling intoxicating liquors contrary to the provisions of that act, he could not be prosecuted for keeping such liquors with intent to sell the same contrary to the same provisions. That section of the act must have been in force, or the defendant is charged with keeping such liquors with intent to sell the same contrary to the provisions of an act which has been repealed, which of course is absurd. The question therefore recurs, were the provisions of the act of 1854 in relation to the selling of intoxicating liquors in force when the prosecution in question was instituted?

By comparing the statute of 1872 in relation to the sale of spirituous liquors with the statute in question, it will be seen that both statutes could not exist together. Different penal-

ties are attached to each for violations of the statute, which necessarily renders them repugnant to each other. Persons duly licensed are authorized to sell spirituous liquors by the statute of 1872, but no licenses were allowed by the statute of 1854, and consequently acts consistent with the one statute were a violation of the other. The statute of 1872 is a separate and independent statute. It covers the entire ground respecting the sale of spirituous liquors, and institutes a new policy on the subject, by referring the matter to the people of the respective towns to determine for themselves whether or not liquors shall be sold within their limits.

We are satisfied that the statute of 1872 was intended to be exclusive and exhaustive of the subject of selling intoxicating liquors, and that it intended to repeal, and did by necessary intendment repeal, the statute of 1854, so far as it prohibited the sale of intoxicating liquors.

There is manifest error in the judgment complained of, and it is therefore reversed.

In this opinion the other judges concurred.