Chittenden *v.* Judson.

EDWARD CHITTENDEN *vs.* TRUMAN F. JUDSON.

New Haven Co., June T., 1888.   PARK, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

The revision of 1887, which went into effect January 1, 1888, contained
a statute which provided that appeals from the District Court of
Waterbury should be taken to the Supreme Court. By the statute
before in force such appeals were to be taken to the Superior Court.
A general statute with regard to the revision provided that.all public
laws not contained in it were repealed, but that the repeal should not
affect any suit pending on the first day of January, 1888, but such suits
might be prosecuted to final effect, as they might have been under the
law existing prior to that date. Held that, in a suit pending in that
court on the first of January, 1888, in which judgment was afterwards
rendered, an appeal from the judgment taken to the Superior Court
was legally taken.

[Argued June 21st—decided October 9th, 1888.]

APPEAL by the plaintiff to the Superior Court in New
Haven County from the District Court of Waterbury; dis-
missed by the court (*Fenn, J.,*) for want of jurisdiction,
and appeal by the plaintiff to this court. The case is fully
stated in the opinion.

*E. F. Cole,* for the appellant.

*C. W. Gillette,* and *D. F. Webster,* for the appellee.

BEARDSLEY, J.   This is an appeal from a judgment of
the Superior Court for New Haven County.

The action was originally brought to the May term,
1887, of the District Court of Waterbury. After the first
day of January, 1888, judgment was rendered by that court
in favor of the defendant, and the plaintiff appealed from
that judgment to the Superior Court for New Haven County.
That court rendered judgment dismissing the case for want
of jurisdiction. The question whether the Superior Court
had jurisdiction of the appeal is the only one presented by
the record.

It is admitted that if the appeal had been taken before the first day of January, 1888, when the revision of 1887 went into effect, it would, under the statute then in force, have been properly taken to the Superior Court, but the defendant claims that the statute giving the Supreme Court of Errors jurisdiction of such appeals, first found in that revision, section 1129, abolishes the jurisdiction of the Superior Court in respect to cases pending when it went into effect, as well as to those which were brought afterwards.

The defendant would be right in this claim if that statute stood alone. But the application of the statute is limited to cases brought after it went into effect, by a special provision of the revised statutes. Section 4016 provides that "all public laws not contained in the foregoing titles * * *; and all public laws except such as by particular provision and this title are continued in force, are repealed." And section 4017 is as follows :—

"Said repeal shall not impair or affect any act done or any right accruing, accrued, or acquired; and all matters, civil or criminal, commenced by virtue of the laws so repealed, and pending on the first day of January, 1888, may be prosecuted and defended to final effect, in the same manner as they might under the laws existing on the thirty-first day of December, 1887, unless it shall be otherwise specially provided by law."

By virtue of this provision the statute referred to has no relation to suits brought before it went into operation. Not merely the rights of the parties existing at the time when such suits were instituted are unaffected by it, but also the manner of proceeding in them. Such cases are subject to the old statute as if it had not been repealed by the new one enacted.

The judgment of the Superior Court is erroneous and is reversed.

In this opinion the other judges concurred.