JOHN SIMBORSKI vs. ALFRED N. WHEELER ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued February 13th—decided March 3d, 1936.

*Michael J. Quinn* and *William J. McKenna,* for the plaintiff.

*Samuel E. Hoyt,* State's Attorney, and *Abraham S. Ullman,* Assistant State's Attorney, for the defendants.

MALTBIE, C. J. On April 25th, 1935, the plaintiff was found guilty of murder in the first degree, the crime having been committed on March 5th, 1935, and in pursuance of a proper warrant was delivered to the warden of the state prison, within which he is now being held. The judgment directed, in the usual form, that on August 22d, 1935, before the hour of sunrise, within the prison walls and by the warden or deputy warden, Simborski should be hanged by the neck until he was dead. This judgment in its statement of the

manner in which the execution was to be performed was in strict compliance with the terms of the statutes then in effect. General Statutes, §§ 6497, 6498. The plaintiff appealed from the judgment to this court and, pending the appeal, he was duly reprieved by the Governor until January 14th, 1936. On January 7th, 1936, this court found no error upon the appeal. *State* v. *Simborski,* 120 Conn. 624, 182 Atl. 221. Thereafter another reprieve was duly granted by the Governor until March 10th, 1936, in order to enable the plaintiff to raise the issue presented in this case.

That issue arises out of the fact that after the entry of the judgment directing his execution, the Legislature of 1935 passed two acts, the effect of which was to change the method of execution of a death sentence. One of these, Chapter 161 of the Public Acts of 1935, in its first section directed the warden to appoint a suitable person to perform the duty of executing sentences of the court requiring the infliction of the death penalty; the second section repealed so much of §§ 6497 and 6498 of the General Statutes as was inconsistent with the terms of the act; and the third section provided that the act should take effect from its passage. It was signed by the Governor on May 21st, 1935, and therefore took effect that day. Later in the session, Chapter 266 of the Public Acts of 1935 was passed. The first section of this act in terms amended a sentence in § 6497 of the General Statutes, making a complete substitution therefor; the second section in terms amended § 6498 of the General Statutes, making a complete substitution for it; the third section repealed Chapter 161 of the Public Acts of 1935; and the fourth section provided that the act should take effect upon its pasage. The changes material to the case before us made in the law by these acts were to provide that the execution of the death

sentence might take place on the day designated by the judge imposing sentence or within five days thereafter, instead of on the day designated; that the execution should be by electrocution, instead of by hanging; and that the penalty should be inflicted by some suitable person designated by the warden instead of by the warden or his deputy.

In 1860 the case of *State* v. *Daley*, 29 Conn. 272, came before this court. Daley had been convicted of the crime of manslaughter, but between the time he committed the offense and his trial the Legislature passed an act expressly repealing the statute in force when the crime was committed, which had fixed the punishment for manslaughter as a fine not exceeding $1000 and imprisonment for not less than two or more than ten years, and changing the penalty to a fine not exceeding $1000 and imprisonment for not exceeding ten years. We held that Daley could not legally be convicted under the statute that had been repealed, nor under the statute which was substituted for it, because that was by its terms prospective in its operation, and directed that the judgment against him should be arrested. STORRS, CHIEF JUSTICE, writing the opinion, said (p. 275): "His escape from punishment might easily have been prevented if the Legislature had, as they usually do, on the repeal of criminal laws, modified the repeal by a saving from its operation of offenses committed against the repealed law prior to such repeal." See also *State* v. *Grady*, 34 Conn. 118, 128. No doubt it was to avoid just such an oversight by the Legislature as suggested in that opinion that Chapter 107 of the Public Acts of 1871 was enacted, which, without substantial change, now appears as § 6561 of the Revision of 1930. It provides as follows: "The repeal of any statute defining or prescribing the punishment for any crime shall not affect any

pending prosecution or any existing liability to prosecution and punishment therefor, unless expressly provided in the repealing statute that such repeal shall have that effect." Ten years later, in 1881, the Legislature passed an act which provided that, in the construction of all statutes thereafter enacted, except where such construction would be repugnant to the express terms of the statute: "The repeal of an act shall not affect any punishment, penalty, or forfeiture incurred before the repeal takes effect, or any suit or prosecution, or proceedings pending at the time of the repeal for an offense committed, or for the recovery of a penalty or forfeiture incurred under the act repealed." Public Acts, 1881, Chap. 1. Save for the exception, this statute now forms a part of § 6568 of the General Statutes.

The situation before us is clearly within the intent of these provisions. In effect they attach to every act repealing a statute within their purview a saving clause such as that suggested in *State* v. *Daley,* supra, under which the repealed statute still remains in full effect as regards any matter covered by it. *Chittenden* v. *Judson,* 57 Conn. 333, 334, 17 Atl. 929; *Hertz* v. *Woodman,* 218 U. S. 205, 217, 30 Sup. Ct. 621; *Great Northern Ry. Co.* v. *United States,* 208 U S. 452, 465, 28 Sup. Ct. 313; *De Four* v. *United States,* 260 Fed. 596, 599; *State ex rel. Ackerley* v. *Shepherd,* 202 Iowa, 437, 210 N. W. 476; and see the following cases in which a similar conclusion was reached as regards crimes punishable by death. *People* v. *McNulty,* 93 Cal. 427, 29 Pac. 61; *State* v. *Lewis,* 273 Mo. 518, 535, 201 S. W. 85; *In re Jack Davis,* 6 Idaho, 766, 59 Pac. 544; *Washington* v. *Dowling,* 92 Fla. 601, 109 So. 588; *In re Faltin,* 31 Ariz. 465, 254 Pac. 477. If it were possible to consider the case as not falling within § 6561 on the grounds that, as the judgment had been entered, there

was no "pending prosecution or any existing liability to prosecution" and that the provisions in question do not fall within the meaning of the words "defining or prescribing the punishment for any crime" certainly it cannot reasonably be claimed that the situation is not included within the broader language of § 6568. *Washington* v. *Dowling,* supra, p. 613.

Chapter 161 of the Public Acts of 1935 is fully within the terms of §§ 6561 and 6568 by reason of its express provision for the repeal of so much of §§ 6497 and 6498 of the General Statutes as was inconsistent with it. Chapter 266 of the Public Acts of 1935 does not contain any express repeal of the provisions of those sections, but it does substitute for a sentence of the former and for all of the latter complete new statutory provisions. This constitutes just as complete and effective a repeal of the provisions in the place of which the substitution is made as though they had been in terms repealed. Where a section of a city charter was replaced by an act amending it to read in a certain way, we said: "The amendment of 1917 substituted § 119, as therein recited, for the section as it had previously existed. Those portions of the original section which were omitted from the section in its new form, ceased to be the law and were as effectually repealed as it was possible to accomplish a repeal." *Aston Motor Car Co.* v. *Mannion,* 92 Conn. 568, 569, 103 Atl. 655; see also *State ex rel. Reiley* v. *Chatfield,* 71 Conn. 104, 112, 40 Atl. 922; *Bissell* v. *Dickerson,* 64 Conn. 61, 68, 29 Atl. 226; *Cullen* v. *State,* 42 Conn. 55; *People* v. *McNulty,* supra, p. 441. Indeed, where a new provision is to be substituted for an existing one, whether the new takes the form of a direct enactment, with a repeal of the old, or of an amendment substituting the new for the old is ordinarily wholly immaterial, depending upon the preference of the draftsman of the

act. The provisions of Chapter 266 of the Public Acts of 1935 constituted a general repeal of the provisions of §§ 6497 and 6498 of the General Statutes which were replaced by its provisions, within the meaning of the word "repeal" as used in §§ 6561 and 6568 of the General Statutes. As regards the prosecution of the plaintiff, however, those sections remained in full force and effect. That being so, the further provision in § 6568 that "when a statute repealing another is afterwards repealed the first shall not be revived without express words to that effect" is not applicable. The judgment directing the execution of the plaintiff is valid and effective and authorizes that execution in accordance with its provisions.

To the questions asking whether the provisions of Chapter 161 and 266 of the Public Acts of 1935 affect the judgment against the plaintiff, we answer "No." To the question asking whether the plaintiff may lawfully be hanged in accordance with that judgment, we answer "Yes." To the question asking whether the plaintiff is illegally confined and deprived of his liberty without due process of law, we answer "No."

No costs will be taxed in this court.

In this opinion the other judges concurred.