STATE OF CONNECTICUT *v.* RICHARD LOMBARDO
(7002)

BORDEN, DALY and NORCOTT, Js.

---

Argued June 15—decision released September 5, 1989

*James M. Ralls,* deputy assistant state's attorney, with whom were *Jay F. Huntington,* deputy assistant state's attorney, and, on the brief, *Eugene Callahan,* state's attorney, and *Bruce P. Hudock,* assistant state's attorney, for the appellant (state).

*Robert M. Casale,* with whom, on the brief, was *Tara L. Knight,* law student intern, for the appellee (defendant).

NORCOTT, J. The sole issue in this appeal is whether the trial court had jurisdiction to modify the defendant's sentence pursuant to General Statutes § 53a-39. We find error.

The facts relevant to this appeal are not in dispute. The defendant was tried and convicted by a jury of one count of sexual assault in the first degree in violation of General Statutes § 53a-70 (a), one count of attempted sexual assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-70 (a), and one count of unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a).

On September 23, 1986, the court sentenced the defendant to a term of seven years, execution suspended after four years served and five years probation on the sexual assault count; seven years, execution suspended after two years served on the attempted sexual assault charge; and three years, execution suspended after one year served on the unlawful restraint count, all three sentences to be served consecutively for a total effective sentence of seventeen years suspended after seven years served and five years probation. On September 9, 1987, after serving almost one year of the sentences, the defendant filed a motion for sentence modification pursuant to General Statutes § 53a-39.[1] On November 20, 1987, the trial court, over the state's objection, granted the defendant's motion and modified the sentences to make them concurrent

---

[1] The sentence reduction statute, General Statutes § 53a-39, states in pertinent part: "At any time during the period of a definite sentence of three years or less, the sentencing court or judge may, after hearing and for good cause shown, reduce the sentence, order the defendant discharged, or order the defendant discharged on probation or conditional discharge for a period not to exceed that to which he could have been originally sentenced. . . ."

rather than consecutive. Thereafter, the state sought and was granted permission to appeal the sentence modification to this court pursuant to General Statutes § 54-96.

The state claims that § 53a-39 authorizes modification of only aggregate or total effective sentences of three years or less, and that, because the defendant's aggregate sentence on the three counts was seventeen years, the court was without authority to modify the sentence. The defendant claims that the term "sentence" as used in § 53a-39 refers to the individual sentences imposed on the multicount information and then only to the unsuspended portion of those individual sentences. He argues therefore that the court properly modified the sentences imposed on the attempted sexual assault count and on the unlawful restraint count.

A trial court is ordinarily without jurisdiction to modify a lawful sentence that a defendant has begun to serve. *State* v. *Walzer,* 208 Conn. 420, 545 A.2d 559 (1988). The legislature, however, may confer jurisdiction to modify executed sentences. *State* v. *Nardini,* 187 Conn. 109, 123–24, 445 A.2d 304 (1982). Our legislature has provided two avenues for sentence modification. A defendant may seek a change in sentence, pursuant to General Statutes § 51-195[2] and Practice Book §§ 936 through 942, by petitioning the sentence review division of the Superior Court to modify sentences of three years or more, or pursuant to General Statutes § 53a-39 and Practice Book § 934, by petition-

[2] The sentence review statute, General Statutes § 51-195, provides in pertinent part: "Any person sentenced on one or more counts of an information to a term of imprisonment for which the total sentence of all such counts amounts to confinement for three years or more, may, within thirty days from the date such sentence was imposed or if the offender received a suspended sentence with a maximum confinement of three years or more, within thirty days of revocation of such suspended sentence . . . file . . . an application for review of the sentence by the review division. . . ."

ing the sentencing court to reduce sentences of three years or less. The record indicates that the defendant in this case sought modification under § 53a-39.

Section 51-195, the sentence review statute, provides that the reviewable sentence of three years or more is the total sentence on all counts of an information. Section 53a-39 refers only to a definite sentence of three years or less without reference to either individual or aggregate sentences. This omission creates an ambiguity in the statute, the resolution of which is necessary to our determination of the issue presented. When confronted with ambiguity in a statute, we must "ascertain and give effect to the apparent intent of the legislature." *Rhodes* v. *Hartford,* 201 Conn. 89, 93, 513 A.2d 124 (1986). "In seeking to discern legislative intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to legislative practice and policy, and to judicial construction." *Petti* v. *Balance Rock Associates,* 12 Conn. App. 353, 359, 530 A.2d 1083 (1987); *Texaco Refining & Marketing Co.* v. *Commissioner,* 202 Conn. 583, 589, 522 A.2d 771 (1987). Because the words of the statute do not aid us in determining whether the legislature intended the section to apply to individual or aggregate sentences on multicount complaints, we turn to the legislative history and the circumstances surrounding the 1982 amendment that made § 53a-39 applicable only to sentences of three years or less.

A review of the legislative history reveals that the concern of the legislature when it amended the section was to eliminate an overlap in the sentence modification area that resulted when the state shifted from indeterminate to determinate sentencing in 1981. Prior to the conversion to determinate sentencing, the only definite sentence a defendant could receive was a sentence of one year or less. General Statutes (Rev. to 1979) §§ 53a-35, 53a-36. Section 53a-39 authorized

modification of only those definite sentences. When indeterminate sentencing was abolished, § 53a-39 remained, but by its language applied to all definite sentences. The result of the change in sentencing was that a defendant sentenced under the new system ostensibly could petition both the sentencing court and the sentence review division for a modification of a sentence of three years or more. See *State* v. *Millhouse,* 3 Conn. App. 497, 499–501, 490 A.2d 517 (1985). By enacting Public Acts 1982, No. 82-428, the legislature amended § 53a-39, limiting the trial court's jurisdiction under the section to modifying only sentences of three years or less. The purpose of this change was twofold. First, it was designed to eliminate the overlap that allowed a prisoner serving a definite sentence of more than three years to petition for sentence review under § 51-195 within thirty days of sentencing and then to petition repeatedly, at any time during the sentence, for modification under § 53a-39. It was also designed to allow modification of sentences of three years or less, those sentences not covered by § 51-195.[3] See also *State* v.

---

[3] The legislative history contains the following statements concerning the purposes for the amendment of the statute: In moving for acceptance of substitute House Bill No. 5127 amending § 53a-39, Representative Alfred J. Onorato made the following statement: "[U]nder existing law at any time during the period of a definite sentence, the sentencing court or judge, may after [a] hearing for good cause, reduce the sentence or [order] the defendant's discharge. What this bill would do, under existing law, an individual who is sentenced to more than 3 years in prison has the right of sentence review. Those who are sentenced [to] less than 3 years of prison would have the right of modification. There's a loophole in the law now that extends the same privilege to those who are sentenced over a year or more and this could take care of those provisions. . . ." 25 H.R. Proc., Pt. 11, 1982 Sess., pp. 3594–95.

In moving for acceptance of the bill in the Senate, Senator Howard T. Owens, Jr., stated: "On the Bill itself, Mr. President . . . it provides that under existing law at any time during the period of a definite sentence, the sentencing judge may, after a hearing for good cause, reduce the sentence, order the defendant discharged or discharged on probation or conditional discharge for a period not to exceed that [to] which he had originally

*Millhouse,* supra, 499–500 (purpose of amendment to limit sentencing judge or court to a review of definite sentences of three years or less, thereby creating a cohesive body of law relating to sentencing). Not specifically addressed, however, was the issue of whether a definite "sentence," as used in § 53a-39, referred to individual or aggregate sentences on a multicount complaint.

"The legislature is presumed to act in view of existing relevant statutes and with the intention of creating one consistent body of law." *Caulkins* v. *Petrillo,* 200 Conn. 713, 718, 513 A.2d 43 (1986). The legislative history indicates not only an awareness of § 51-195, but an intent to make § 53a-39 compatible with and the counterpart to it. " '[W]here, as here, more than one statute is involved, we presume that the legislature

been sentenced. And the Bill limits the authority to a definite sentence of three years or less." 25 S. Proc., Pt. 10, 1982 Sess., p. 3254.

Other comments of these legislators support the position that they were aware of § 51-195 and attempted to make § 53a-39, as amended, the counterpart to § 51-195. The following exchange took place before the judiciary committee when it was considering the amendment.

"Rep. Onorato: . . . [T]hose individuals who are sentenced three years or over have their remedy in that they can go to the judicial review board. Is that not correct?

"Mr. [Clement F.] Naples: Sentence review. Yes.

\* \* \*

"Rep. Onorato: And what you're speaking about is these individuals who don't get up to three years. They're kind of left in limbo? Is that what the problem is?"

"Mr. Naples: That, among other things, yes, sir. Yes. . . ."

Joint Standing Committee, Judiciary Hearings, Pt. 2, 1982 Sess., pp. 341–42.

Also, in considering a later revision of the statute providing for intensive probation, Public Acts 1984, No. 84-505, Senator Owens, at a judiciary committee hearing, stated: "I'm saying that the new part of the legislation deals with intensive probation and provides that *only those can be considered who face no more than three years, who are doing no more than three years.* . . . " (Emphasis added.) Joint Standing Committee, Judiciary Hearings, Pt. 3, 1984 Sess., p. 772.

intended them to be read together to create a harmonious body of law . . . .' *Berger* v. *Tonken,* 192 Conn. 581, 589, 473 A.2d 782 (1984) . . . ." *State* v. *Hanson,* 12 Conn. App. 32, 44, 529 A.2d 720 (1987). We therefore must construe the two statutes on modification of sentences "in a manner which is harmonious, and consistent[,] with 'each to leave room for the meaningful operation of the other.' *State* v. *West,* [192 Conn. 488, 494, 472 A.2d 775 (1984)]." Id., 44–45.

The legislative history and the circumstances surrounding the amendment of § 53a-39, as well as judicial interpretation thereof, lead us to conclude that the legislature intended to develop a consistent, harmonious statutory scheme for the modification of sentences. To this end, it allowed prisoners serving total effective sentences of three years or more on multicount complaints to have their sentences reviewed pursuant to § 51-195. It also allowed prisoners serving sentences of three years or less to petition for modification of sentence pursuant to § 53a-39. It would be inconsistent for us to hold that the legislature intended one procedure to apply to aggregate sentences and the other to apply only to individual sentences. Not only would this interpretation be inconsistent with the legislature's intent to create a harmonious statutory scheme, but it would also frustrate the stated intent of the legislature to close the loophole that allowed prisoners serving aggregate sentences of three years or more to avail themselves of both sentence review under § 51-195 and sentence reduction under § 53a-39. Our courts have "traditionally eschewed construction of statutory language that . . . thwarts its manifest purpose. . . ." *Sutton* v. *Lopes,* 201 Conn. 115, 121, 513 A.2d 139, cert. denied sub nom. *McCarthy* v. *Lopes,* 479 U.S. 964, 107 S. Ct. 466, 93 L. Ed. 2d 410 (1986). Penal statutes, as the petitioner argues, are to be strictly construed against the state; *State* v. *Hufford,* 205 Conn. 386, 392, 533 A.2d

866 (1987); but "words used in a criminal statute should not be accorded the narrowest technical meaning in disregard of their context and in frustration of the obvious legislative intent. . . ." Id. If § 53a-39 is read as applying only to individual sentences, then prisoners serving aggregate sentences of, for example, six years, consisting of two year sentences on each of three counts of a multicount information, could take advantage of both avenues for a change of sentence. The total effective sentence of six years would make them eligible for sentence review, but each individual sentence of two years would be subject to modification under § 53a-39. We will not adopt an interpretation of the statute that so frustrates the intent of the legislature. We therefore conclude that the term "sentence," as used in § 53a-39 as applied to multiple sentences imposed on multicount informations, refers to the aggregate or total effective sentence. It was, therefore, error for the sentencing court to have modified any part of the petitioner's seventeen year sentence.[4]

There is error, the sentence imposed on November 20, 1987, is set aside, and the case is remanded with direction to reinstate the original sentence.

In this opinion the other judges concurred.

---

[4] Prior to oral argument, the defendant's counsel informed this court by letter that the defendant was no longer confined, having served the entire modified term of imprisonment that is the subject of the present appeal. In light of this situation, the defendant contends that the issue raised in this appeal is moot. We conclude that because the trial court's erroneous modification of the defendant's sentence implicates his liberty interest, as well as that of similarly situated inmates, the appeal is not moot. See *Payton* v. *Albert,* 209 Conn. 23, 26 n.4, 547 A.2d 1 (1988).