## STATE OF CONNECTICUT *v.* PAUL K. EDWARDS
### (8075)

O'CONNELL, NORCOTT and LANDAU, Js.

Argued May 7—decision released August 14, 1990

*Barbara Sorrentino,* assistant public defender, for the appellant (defendant).

*Rita M. Shair,* deputy assistant state's attorney, with whom were *John Connelly,* state's attorney, and, on the brief, *Marcia Smith* and *Karen Diebolt,* assistant state's attorneys, for the appellee (state).

LANDAU, J. The defendant appeals from the judgment of conviction following his guilty plea to sale of narcotics in violation of General Statutes § 21a-277 (a), possession of narcotics in violation of General Statutes § 21a-279 (a), and hindering prosecution in the first degree in violation of General Statutes § 53a-166. The defendant claims that the trial court (1) failed to advise him of the consequences of his guilty plea, (2) should not have accepted his *Alford* plea to hindering prosecution as knowing, intelligent, and voluntary where the state's asserted factual basis was inadequate to support such a plea,[1] and (3) improperly determined that it did not have the authority to modify his sentence. We affirm in part and reverse in part.

On April 10, 1989, the defendant entered his pleas pursuant to a plea agreement between him and the state. As agreed, the court imposed a total effective sentence of eight years, and stayed execution of the sentence under the drug dependency statutes, General Statutes §§ 19a-387 (a) and 21a-285 (a).[2] The court com-

---

[1] The state concedes that the defendant's plea to hindering prosecution in the first degree should be vacated. We agree.

[2] General Statutes § 19a-387 (a) provides in pertinent part: "If the court by which a person has been convicted of a crime other than those arising under this chapter or those specified in section 19a-390 finds that the convicted person is drug dependent and that his violation was for the primary purpose of sustaining his drug dependence or was because he was drug dependent, it may in addition to imposing the penalties provided for the crime of which he was convicted issue an order committing the convicted person to the executive director of the Connecticut alcohol and drug abuse commission for a period not less than ninety days nor more than twenty-

mitted the defendant to the Connecticut Alcohol and Drug Abuse Commission (CADAC) for drug treatment at the Berkshire Woods Treatment Center plus five years probation. Four days later, the defendant was found unfit for treatment at that facility and was brought back before the court.

Upon his return to the court, the defendant sought an evaluation by the Whiting Forensic Institute pursuant to General Statutes § 17-244. The court, determining that the defendant violated the stay agreement by being brought back before the court, lifted the stay and denied his motion for evaluation. The court concluded that because the defendant was a sentenced prisoner, it no longer had the power to modify his sentence. The court then committed the defendant to the custody of the commissioner of correction in accordance with the original sentence.

---

four months and shall suspend execution of the sentence during the period of such commitment. If sentence has not been imposed, the court shall first proceed upon the conviction, impose sentence, order commitment to the executive director and suspend execution of such sentence during the period of such commitment."

General Statutes § 21a-285 (a) provides in pertinent part: "Notwithstanding any provision of this chapter to the contrary, if a court by which a person has been convicted of a violation of this chapter finds that the convicted person is drug dependent and that his violation was committed for the primary purpose of sustaining his drug dependence or because he was drug dependent it may, in addition to the penalties provided herein, issue an order committing such person to the executive director of the Connecticut alcohol and drug abuse commission for a period not to exceed twenty-four months. If sentence has not been imposed, the court shall first proceed upon the conviction, impose sentence, order commitment to the executive director and suspend execution of such sentence during the period of such commitment."

General Statutes §§ 19a-387 and 21a-285 have been repealed by Public Acts 1989, No. 89-390. This act, however, specifically excludes persons ordered to treatment under §§ 19a-387 or 21a-285 from its authority. Pursuant to General Statutes § 54-194, therefore, the repeal of these statutes shall have no effect upon these proceedings. See *Simborski* v. *Wheeler,* 121 Conn. 195, 199, 183 A. 688 (1936).

## I

Initially, the defendant requests this court to vacate his sentence and permit withdrawal of his guilty pleas contending that they were not entered knowingly, intelligently, and voluntarily because he was not advised of the consequences of his plea in violation of due process. Because this claim was not preserved in the trial court, it is reviewable only if it meets the requirements set forth in *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989). The defendant's claim is not supported by the record and thus fails to meet the first requirement.

Before he can enter a valid guilty plea, a defendant must be fully aware of the direct consequences of his plea. *Brady* v. *United States,* 397 U.S. 742, 748, 90 S. Ct. 1463, 25 L. Ed. 2d.747 (1970); *Sherbo* v. *Manson,* 21 Conn. App. 172, 181, 572 A.2d 378 (1990). To ensure compliance with this constitutional mandate, Practice Book § 711 requires that the trial court address the defendant personally and determine that he fully understands the nature of the charge against him. The court must also advise him of (1) the mandatory minimum sentence, (2) the maximum possible sentence, and (3) the fact that he has the right to plead not guilty, the right to be tried by jury, the right to confront and cross-examine witnesses, and the right against self-incrimination. The court must also ensure that the plea is voluntary and is not the result of force or threats. Practice Book § 712.

The scope of "direct consequences" is narrow and is limited to those consequences enumerated in Practice Book § 711. *State* v. *Gilnite,* 202 Conn. 369, 383, 521 A.2d 547 (1987); *Sherbo* v. *Manson,* supra. There is no requirement that the defendant be advised of every possible consequence of such a plea. *State* v.

*Gilnite,* supra; *Sherbo* v. *Manson,* supra. A review of the record clearly indicates that the trial court followed the procedures set forth in Practice Book §§ 711 and 712.

## II

The defendant's final claim is that the trial court has the power to modify a sentence rendered pursuant to General Statutes § 19a-388 (c).[3] We agree.

A trial court ordinarily does not have the power to modify a criminal sentence in excess of three years. *State* v. *Lombardo,* 19 Conn. App. 631, 636, 563 A.2d 1030 (1989); see also *State* v. *Hanson,* 210 Conn. 519, 556 A.2d 1007 (1989). Where, however, a defendant is committed for treatment pursuant to the drug dependency statutes, and is subsequently found unfit for treatment, he must under General Statutes § 19a-388 (c) be returned to the court "for such further proceedings *as the court may deem appropriate.*" (Emphasis added.) Under this provision, the court can conduct further proceedings to reassess the defendant's sentencing alternatives.[4] Moreover, the drug dependency statutes do not preclude a court from allowing further examination of an individual after sentencing. General Statutes § 19a-388 (c). Although the court may deny such a request; see *State* v. *Gates,* 198 Conn. 397, 405, 503 A.2d 163 (1986); it has jurisdiction to entertain a motion for reevaluation.

---

[3] General Statutes § 19a-388 (c) provides: "If the executive director finds at any time that any drug-dependent person committed to his custody pursuant to sections 21a-285 and 19a-387 is not a fit subject for treatment, he shall notify the committing court and cause such person to be returned for such further proceedings as the court may deem appropriate." Section 19a-388 has been repealed by Public Acts 1989, No. 89-390. See footnote 2, supra.

[4] The specific provisions of § 19a-388 (c) take precedence over the general provisions of General Statutes § 53a-39 and Practice Book § 934. *Healey* v. *Freedom of Information Commission,* 18 Conn. App. 212, 217, 557 A.2d 561, cert. denied, 212 Conn. 803, 561 A.2d 945 (1989).

The judgment of conviction of hindering prosecution in the first degree in violation of General Statutes § 53a-166 is vacated and the case remanded with direction to dismiss that count. The sentences imposed for sale of narcotics in violation of General Statutes § 21a-277 (a) and possession of narcotics in violation of General Statutes § 21a-279 (a) are vacated, and the case is remanded for resentencing on those counts in accordance with this opinion.

In this opinion the other judges concurred.