**LLANO DEL RIO CO. OF NEVADA v. ANDERSON–POST HARDWOOD LUMBER CO., Inc., et al.**

**SCHMIDT et al. v. LLANO DEL RIO CO. OF NEVADA IN RECEIVERSHIP.**

**Civ. Nos. 2232, 2395.**

United States District Court
W. D. Louisiana, Lake Charles Division.

June 7, 1949.

No. 2232:

Weatherly & Weatherly, Falfurrias, Texas, Jno. D. Miller, New Orleans, La., for plaintiff.

Jones, Kimball & Owen, Thompson, Lawes & Cavanaugh, Plauche & Plauche, Lake Charles, La., Wood & Wood, J. R. Ferguson, Jas. C. Terrell, Jr., Jack L. Simms, Leesville, La., L. E. Colvin, Mansfield, La., R. A. Fraser, Many, La., and Kay & Kay, DeRidder, La., for defendants.

No. 2395:

A. Jas. McDonald, Leesville, La., for plaintiff.

Gerald Weatherly, Falfurrias, Tex., for defendant.

DAWKINS, Chief Judge.

Issues arising in these cases are as follows:

(1) In No. 2232 an application for a rehearing or new trial on the motion to dismiss sustained in opinion of this court filed July 7th, 1949, 79 F.Supp. 382, and the judgment signed and filed on August 8th, of the same year; and

(2) In No. 2395, a motion to remand to the State Court a removal of receivership proceedings in the State Court.

Depending on the disposition of the above motions there are further applications:

(3) For certiorari to the State Court to send up voluminous records or such por-

tions thereof as may be necessary, in the receivership proceedings in that court; and finally:

(4) A motion to consolidate in this court the cases Nos. 2232 and 2395, above.

Both the suit for a money judgment (whether under the demand for damages, or in the alternative for an accounting, setting aside the many transactions and transfers of property) and the removal of the receivership are based upon the same ground, to-wit: alleged denial of civil rights and the failure to accord due process under provisions of the constitution and statutes, quoted at length and discussed in the opinion of this court on the motion to dismiss in the first numbered cause, above referred to.

Of course, if the motion to remand were denied, it would seem, almost as a matter of course, that the motion for a new trial should either be granted, or that proceeding stayed until this court could consider matters pending in and growing out of the receivership, sufficiently to determine whether the plaintiff corporation should have an accounting, with consequent relief, by annulment or otherwise, of alleged fraudulent transactions, under its equity powers, or should be relegated to its action in damages against those charged with the frauds. In any event, it would seem essential that before these latter questions can be determined, it is necessary to first consider whether the receivership should be remanded. Therefore, we shall proceed immediately to the issue of removal.

### On Motion to Remove.

This motion is based both upon the alleged failure to comply with the provisions of the present statute, so as to effect removal, and the contention that, conceding everything alleged in the removal application, which makes the complaint in No. 2232 part thereof, to be true, the receivership in its present state, as disclosed by the pleadings should be remanded to the state court.

As pointed out in the opinion heretofore rendered, in No. 2232, there are two fundamental difficulties involved. The State Court undoubtedly had, when the application to remove was filed, jurisdiction and possession of the physical properties and estate of the plaintiff corporation, with the right to finally determine all issues therein, subject to review, of course, by the Supreme Court of the United States on any question arising under the Federal Constitution and statutes. Neither the original complaint, in the first case herein, nor the petition for removal, charge any denial of rights claimed because of any constitutional or statutory provisions of the State. They are levelled solely at the state trial court, its officers, including attorneys, and others, as conspirators in a scheme to deprive petitioner of its rights and property without due process. In the second place, the complaint discloses affirmatively that notwithstanding the many alleged wrongful acts in the receivership, petitioner has made no effort to avail itself of the remedies and processes afforded by the State law, such as application to the Supreme Court for the exercise of its supervisory powers, including the assignment of an impartial judge to handle receivership proceedings in place of those alleged to be parties to the conspiracy. Not only has that court the broad authority pointed out in the former opinion in case No. 2232, but under the Louisiana system for the administration of justice, in civil cases, that high tribunal reviews all questions, both of law and fact, including jury verdicts, with the power to determine and decide them with finality and without the delays incident to reversal and remand. In fact, it is believed that this affords a much more expeditious means of relief than removal and the necessary procedure in this court to bring the complicated questions arising out of an administration of more than ten years to an orderly trial. Nothing could be lost in this civil matter by the course suggested, since all Federal questions could be reviewed by appeal to the United States Supreme Court.

While admitting that earlier decisions were to the effect that denial of due process under the Federal Constitution had to be by state laws (its constitution and statutes) it is argued that more recently

it has been held that these constitutional safeguards apply to action by any other branch or agency of the state, which works such a denial. Three of the cases cited and relied on mainly to sustain this contention, are as follows: Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Brown v. Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682; Chambers v. Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716.

In the first of these cases, Mooney v. Holohan, Mooney sought leave to file with the U. S. Supreme Court an original petition for habeas corpus, alleging the use knowingly of perjured and false testimony in his conviction for murder, and reciting numerous unsuccessful efforts through appeals, applications for executive clemency, etc., under state laws, extending over a period of more than seventeen years. Nevertheless, the relief sought was denied, the Supreme Court saying [294 U.S. 103, 55 S.Ct. 343]:

"We do not find that petitioner has applied to the state court for a writ of habeas corpus upon the grounds stated in his petition here. That corrective judicial process has not been invoked, and it is not shown to be unavailable. Despite the many proceedings taken on behalf of the petitioner, an application for the prerogative writ now asserted to be peculiarly suited to the circumstances disclosed by his petition has not been made to the state court. Orderly procedure, governed by principles we have repeatedly announced, requires that before this Court is asked to issue a writ of habeas corpus, in the case of a person held under a state commitment, recourse should be had to whatever judicial remedy afforded by the state may still remain open. Davis v. Burke, 179 U.S. 399, 402, 21 S.Ct. 210, 45 L.Ed. 249; Urquhart v. Brown, 205 U.S. 179, 181, 182, 27 S.Ct. 459, 51 L.Ed. 760; U. S. ex rel. Kennedy v. Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 70 L.Ed. 138. See also, People of State of New York ex rel. Bryant v. Zimmerman, 278 U.S. 63, 70, 49 S.Ct. 61, 73 L.Ed. 184, 62 A.L.R. 785.

"Accordingly, leave to file the petition is denied, but without prejudice."

Brown v. Mississippi decided and reversed, under a writ of certiorari or review, on the constitutional ground of denial of due process, a final decision of the Mississippi Supreme Court in a conviction of first degree murder. It in no way affected the question of the necessity for exhausting remedies available under state laws.

In Chambers v. Florida the situation was the same as in the case last cited. The Supreme Court again reviewed and reversed on certiorari a decision of the Court of last resort of the State of Florida, which had likewise affirmed a conviction of first degree murder and sentence of death, based upon what it found to be extorted confessions alone.

It would serve no useful purpose to make an extended review of the cases cited and relied upon by either side herein. It is my view that the reasons given in the opinion sustaining the motion to dismiss in case No. 2232, heretofore rendered, apply equally to the removal in No. 2395, i. e., ample remedies are provided by the state's laws, which have not been exhausted before seeking to lift these matters out of the hands of its courts and to place them in their confusion in the lap of a Federal Court.

The motion to remand in No. 2395 will be granted and that for a new trial in No. 2232 will be denied. The other matters fall as the result of these conclusions.

Proper decree should be presented.