552

**HUMES v. ROBBINS.**
Civ. No. 1068.

United States District Court
D. Maine, S. D.
May 25, 1954.

---

Silas Jacobson, Portland, Me., for petitioner.

Alexander A. LaFleur, Atty. Gen., and Roger A. Putnam, Asst. Atty. Gen., for respondent.

WOODBURY, Circuit Judge.

Raymond C. Humes, alleging himself to be an "inmate" of the Maine State Prison, applied to the Hon. John D. Clifford, Jr., Judge of the United States District Court for the District of Maine,

for a writ of habeas corpus. The application is in the form, and contains in substance the allegations required by Title 28 U.S.C. § 2242, and accompanying it is an affidavit of poverty as authorized by § 1915 in lieu of the filing fee of $5 required by § 1914, both of the same Title. Judge Clifford ordered that the application be accepted and placed on file but he did not issue the writ. Instead and on the same day, April 2, 1954, he ordered the Warden of the Prison within four days thereafter to make a "return certifying the true cause of the detention" of Humes, and at the same time further ordered the Warden to bring Humes before the court in Portland ten days later "to be dealt with according to law." The Warden was duly served with a copy of Judge Clifford's orders. At this point Judge Clifford disqualified himself and Chief Judge Magruder of this Circuit, pursuant to the authority conferred upon him by Title 28 U.S.C. § 291(c), designated and assigned me to hold a district court in the District of Maine for the purpose of hearing and disposing of Humes' case.

In Albert ex rel. Buice v. Patterson, 1945, 155 F.2d 429, the Court of Appeals for this circuit characterized as unusual the practice of holding a hearing on the legality of the detention complained of on the return of an order to show cause, and withheld its blanket approval of the practice. The reason for this is that the function of an order to show cause is to give the respondent an opportunity to show any legal impediment there may be to the granting of an application for habeas corpus regardless of the truth of the allegations therein, and thus, perhaps, prevent the necessity for any hearing at all. Had the preferred practice been followed here there would have been no need for a hearing as will presently appear. But the order of April 2, 1954, although so referred to in the order for service, was not strictly an order to show cause because it did not direct the Warden of the State Prison to show cause why Humes' petition ought not to be granted, but, as already appears, directed him to show the "true cause" of Humes' detention. In view of the return of the order and the interpretation of it by counsel on both sides as an order for a hearing on the merits, I held such a hearing, no prejudice to the applicant appearing likely to result therefrom, in Portland, Maine, on April 29, 1954, at which the Warden produced the body of Humes, as directed, and both parties produced their witnesses and were fully heard.

Humes asserts as ground for his release on federal habeas corpus that in two respects he was denied due process of law at the trial by jury at the February Term, 1950, of the Superior Court for the County of Kennebec and State of Maine at which he was found guilty of the crime of breaking, entering and larceny in the night time. First, he says that after all but six of the persons duly and regularly drawn and summoned for jury duty at the above term of court had been excused, either as a result of peremptory challenges or for cause, from sitting on his case, the court ordered the panel completed by talesmen summoned from the bystanders or from the county at large, which he says is contrary to the proviso of § 100 of Chapter 100 of the Revised Statutes of Maine 1944, quoted in the margin [1] with italics supplied. Second he says that the six talesmen brought in to complete the jury which convicted him were "personally selected" and summoned to appear in court by the Sheriff of the County, who had been the chief investigator of the crime charged

[1]. "*Talesman, when and how to be returned.* When, by reason of challenge or other cause, a sufficient number of jurors duly drawn and summoned cannot be obtained for the trial of a cause, the court shall cause jurors to be returned from the bystanders, or from the county at large, to complete the panel; *if there are on the jury not less than 7 jurors drawn and returned as before provided.* Such jurors shall be returned by the sheriff or his deputy, or such other disinterested person as the court appoints."

against Humes and was the principal witness for the state at his trial, and who also had arrested Humes and uttered threats against him which it is asserted made the Sheriff not a "disinterested person" as required by "all precepts of justice" as well as by the last sentence of the statute quoted above in the margin.

It clearly appears that in October 1952 Humes presented both of these contentions to the then Chief Justice of the Supreme Judicial Court of the State of Maine in a petition for habeas corpus. Furthermore it appears that the Chief Justice considered them, but held in a written opinion that they did not entitle Humes to release on habeas corpus by a single Justice. He said, however, that Humes should have the right, if he chose, to present his contentions to the full court sitting *en banc*. Wherefore pursuant to Rule 18 of the court the Chief Justice gave Humes thirty days to present exceptions. Humes did not avail himself of the opportunity afforded, however, for the reason, he says, that he was without funds, and there is no provision in Maine for proceeding before the full bench *in forma pauperis*.

 I held in Green v. State of Maine, D.C.1953, 113 F.Supp. 253 on the basis of the decisions in this Circuit in Buchanan v. O'Brien, 1950, 181 F.2d 601 and O'Brien v. Lindsey, 1953, 204 F.2d 359 that in Maine lack of funds in all probability constituted a circumstance rendering the theoretical right to review by the full bench of the Supreme Judicial Court of that State ineffective to protect the rights of a pauper prisoner. Wherefore I assumed in that case that exhaustion of available state remedies had adequately been made to appear in spite of the fact that the pauper petitioner for habeas corpus had made no attempt to present his case to the full bench of the highest state court. I would do the same here except that Humes' case differs fundamentally from Green's in that Humes, while he alleged the same grounds for relief in his petition for habeas corpus addressed to the Chief Jus-

tice of Maine that he alleges here, failed in his petition to the Chief Justice to assert any deprivation of a federally guaranteed right. He only contended before the Chief Justice that on the grounds alleged he was entitled to relief for the reason that he had been deprived of rights guaranteed to him by the Constitution and Laws of the State of Maine. Thus it appears that Humes has not made any attempt to seek vindication in any state court of his right under the 14th Amendment of the Constitution of the United States to due process of law at the hands of the state, and from this it follows that I cannot entertain his present petition, for it has long been settled and is now taken for granted that at least in the absence of unusual circumstances no federal court will grant habeas corpus in state custody cases until the applicant has sought unsuccessfully to vindicate his alleged federal right in the state courts. Davis v. Burke, 1900, 179 U.S. 399, 401, 402, 21 S.Ct. 210, 45 L.Ed. 249, and cases cited; Wade v. Mayo, 1948, 334 U.S. 672, 679, 680, 68 S.Ct. 1270, 92 L.Ed. 1647. Indeed, since it is now finally settled that absent unusual circumstances of peculiar urgency state remedies are not exhausted until the applicant for federal habeas corpus has unsuccessfully applied for certiorari from an adverse decision of the highest state court, Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, and certiorari to the highest court of a state does not lie unless the state court has had presented to it and has considered a federal question, it is obvious the federal claim must be asserted in the state court and considered by it as a prerequisite to federal habeas corpus.

 Furthermore, new facts have come to light as to the status of the seventh juror who sat on the case. The petitioner has alleged that he was a talesman. But as the result of an application by the State to correct the records of the Superior Court for the County of Kennebec, and a hearing thereon by a Justice of the State Superior Court, it was found as a fact on April 27, 1954, two days before the hearing before me, that the seventh man on the jury was actually

neither a regular juror summoned for general service at the term of court in accordance with state law, nor a talesman summoned for service in the particular case by special order of the justice who presided at the trial. Instead it was found that although he was on the jury commission's list, he was not summoned to appear as a regular juror but was one of four men brought into court specially for jury service in the Humes case by the sheriff at the specific direction, not of the presiding justice, but of the clerk of the court. The legal consequences of the presence of this man on the jury under either state or federal law, have not yet, of course, been presented to any Maine court or justice for consideration, and until that question is so presented and decided it is futile to consider the applicant's first ground for relief.

It is clear from the foregoing discussion that no application by Humes for federal habeas corpus can now be entertained. I shall not, however, order his application dismissed forthwith. Instead, in view of the full hearing which has been held on the merits and to avoid the necessity of another assignment of a judge to hear the case, I shall withhold final decision for not more than 60 days to give Humes an opportunity, if so advised, to present his claim for relief under the 14th Amendment on the facts as they now appear to some appropriate state tribunal. If in the course of the next 60 days it appears to my satisfaction that Humes is pursuing his state remedies with due diligence, I shall hold the case further until he has either obtained the relief he seeks in the state courts, in which event his present petition will be dismissed as moot, or else until it is made to appear that he has unsuccessfully pursued his state remedies as far as his poverty permits, in which event, considering his state remedies exhausted as in Green's case, I shall take up and consider the merits of his application on the record already made, supplemented, if need be, by further hearing in the unlikely event that further hearing should prove necessary.