Mr. Justice Moore
delivered the opinion of the Court.
The plaintiff in error will be referred to as defendant.
The defendant, a Miss Hauptmann, and three other persons met on the evening of December 2, 1960, at which time they devised a scheme to obtain money by means of passing forged checks, the check forms to be used being that of “Maytag Parts and Service Company.” After one unsuccessful attempt, the group went to the Westland Shopping Center where the defendant pulled *470 out another check form from his brief case. One member of the group typed in the name of the payee, taken from a driver’s license which Miss Hauptmann had in her possession, and the defendant forged a signature to the check. Miss Hauptmann attempted to cash it, but was unsuccessful. As a result of these activities, defendant was charged with confidence game (Count I), conspiracy to commit confidence game (Count III, as amended), forgery (Count IV), and conspiracy to commit forgery (Count V). The defendant was found guilty on all four counts and sentenced to a term in the penitentiary on each count.
As grounds for reversal the defendant, who appears pro se, argues:
1. That the court improperly restricted the right of defendant to cross-examine the people’s witness, Miss Hauptmann.
2. That the trial court erred in denying defendant’s motion for a directed verdict.
3. That there was insufficient evidence as a matter of law to establish the commission of the crimes charged.
4. That the trial court erred in permitting attorney Ettenberg to participate as counsel on behalf of the defendant.
It is sufficient to say that there is no legal basis whatever for any of the arguments advanced in support of these assertions. There is an abundance of evidence to sustain the verdicts of the jury, and the judgments entered thereon must be and are affirmed.
Mr. Chief Justice Day, Mr. Justice Sutton and Mr. Justice Hall not participating.