Edward James KRANTZ, Petitioner,

v.

Harry C. TINSLEY, Warden, Colorado, State Penitentiary, Respondent.

Civ. A. No. 8081.

United States District Court
D. Colorado.

Oct. 2, 1963.

Joseph J. Branney, Englewood, Colo., for petitioner.

Duke W. Dunbar, Atty. Gen., State of Colorado, John E. Bush, Asst. Atty. Gen., Denver, Colo., for respondent.

DOYLE, District Judge.

This is a petition seeking the issuance of a writ of habeas corpus in which the petitioner alleges that he is in custody pursuant to a judgment of the District Court of the County of Jefferson, State of Colorado, and that the judgment is void.

Extensive hearings have been held and two sets of briefs have been filed by the Attorney General and by assigned counsel.

Petitioner alleges that he has exhausted his state court remedies—there having been a review by the Colorado Supreme Court and an application for certiorari in the Supreme Court. Krantz v. Colorado, 372 U.S. 921, 83 S.Ct. 735, 9 L.Ed. 2d 725. The memorandum opinion of the Supreme Court of Colorado is found in Krantz v. People, Colo., 374 P.2d 199.

The information under which the defendant was convicted contained four counts; these were: confidence game, conspiracy to commit confidence game, forgery and conspiracy to commit forgery. He was convicted on all four counts and was given consecutive sentences totaling 23 to 38 years. The confidence game sentence was 7 to 12 years; that on conspiracy to commit confidence game, was 6 to 10 years; on forgery, 6 to 10 years; and on conspiracy to commit forgery, 4 to 6 years. The grounds set forth in the present petition are: *first*, that petitioner was denied due process as a result of the limitation by the trial judge of his right to cross-examine a prosecution witness who was one of his co-defendants; *secondly*, that he was de-

nied the right to effective counsel, also contrary to the Fourteenth Amendment; and *third,* that the statute under which he was convicted of confidence game has since been repealed.

■ 1. The denial of the right to cross-examine involves a ruling in which the trial court sustained an objection to a question as to the occupation of the co-defendant witness. Counsel sought to show that she was employed in a night club, contrary to her direct testimony that she was an employee of an electrical company. The court ruled that this was immaterial. The argument of the Attorney General is that this was at most an erroneous ruling which does not subject the conviction to a collateral attack. This position seems abundantly clear. The matter is one which is peculiarly within the trial court's realm.

■ 2. The basis for petitioner's contention that his representation by counsel was inadequate derives from a rather lengthy colloquy between court and counsel. From this it would appear that the attorney assigned by the court, Norman Smith, brought in his associate, Irving Ettenberg, and that the latter was the most active at the trial. In the colloquy to which petitioner refers the court asked Ettenberg to explain his status as attorney for the defendant, pointing out that he had not been assigned, to which Ettenberg replied that he had made prior appearances. He then requested that his appearance be entered and at that time it was entered. In the course of an argument the court asked Ettenberg to produce a brief and he stated that he had not prepared a brief on the particular point.

Neither this special condition or problem, nor the record as a whole establishes the inadequacy of petitioner's representation. To be sure, he did not fight the judge as petitioner appears to believe that he should have (he explains that counsel was submissive). This, however, does not prove the inadequacy. Often it is the better part of valor to refrain from aggressiveness toward the Court.

From an examination of the entire record it would appear that the representation was sufficient and valid. Any complaints which petitioner may have would be more logically directed to the propriety of the rulings of the court.

■ 3. The contention that the statute under which the petitioner was convicted was subsequently repealed has no merit whatsoever.

4. One other point demands attention and that is the multi-count conviction. The evidence reveals that petitioner, a Miss Hauptmann, and three others met on the evening of December 2, 1960 and concocted a scheme to obtain money by passing forged checks. Miss Hauptmann's part was to present and pass the check, whereas petitioner was the check-writer. One unsuccessful attempt was made at one shopping center in Jefferson County, following which the group went to the Westland shopping center where petitioner prepared a counterfeit check purporting to be that of Maytag Parts and Service Company, which check was signed by George Hagstrom, payable to the order of Renate Hollstein in the amount of $91.05. The payee's name coincided with a driver's license which Miss Hauptmann had in her possession. She took the check to the Safeway Store and unsuccessfully attempted to pass it. She was immediately apprehended and later petitioner was apprehended and, as mentioned above, was convicted on all four counts.

■■ From the evidence it is clear that petitioner was convicted of violating the confidence game statute which also defines as a substantive offense the attempt to commit confidence game. He was also charged as a conspirator. The question arises whether, in view of the fact that petitioner's participation was limited to his being an accessory before the fact, he can also be convicted of conspiracy since in substance and essence these are identical offenses. See Davis v. People, 22 Colo. 1, 43 P. 122. Davis firmly holds that one whose conviction as a principal rests entirely on the fact that he is an accessory before the fact

can not also be convicted as a conspirator since the evidence essential to prove one is the same evidence which goes to the proof of the other. This does not mean that generally speaking one can not be convicted of both conspiracy and the substantive offense. The instant condition is peculiar. One can not read the Davis case without being convinced that it absolutely prohibits two convictions such as those which occurred in the case at bar. Moreover, the imposition of double sentences compounds the mischief. Davis was approved in a much later decision, that of Davidson v. People, 64 Colo. 281, 170 P. 962. But even on the assumption that petitioner was wrongfully convicted on a multi-count information in the courts of Colorado, it is clear that this court is not free to grant relief for at least two reasons: the first and most important is that the accused is validly convicted and sentenced on at least two counts and is, therefore, not at the present time aggrieved. See McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. In the latter decision the Supreme Court pointed out that a federal court lacks the power to revise a state court judgment, that it can act only on the body of the petitioner. Thus, this court's jurisdiction could not take hold until petitioner could show his detention to be unlawful. Cf. Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392. Petitioner's remedy is a motion to set aside the judgment, which motion must be addressed to the trial court. The fact that the present issue has not been heretofore presented to the sentencing court or the highest court of Colorado is still another reason why this court can not act. See Davis v. Burke, 179 U.S. 399, 21 S.Ct. 210, 45 L.Ed. 249; Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761; and Fay v. Noia, supra.

For the reasons which are outlined above, the petition herein must be and it is hereby denied.

The helpful efforts of counsel on both sides are acknowledged.