**UNITED STATES of America ex rel. Johnny WILSON, Jr., Petitioner,**

**v.**

**Raymond ANDERSON, Warden, Delaware Correctional Center, Respondent.**

**Civ. A. No. 75–58.**

United States District Court,
D. Delaware.

June 6, 1975.

Johnny Wilson, Jr., pro se.

Richard R. Wier, Jr., Atty. Gen. of the State of Delaware, and John Willard, Deputy Atty. Gen. of the State of Delaware, for respondent.

#### MEMORANDUM OPINION AND ORDER

LATCHUM, Chief Judge.

Johnny Wilson, Jr., a state prisoner and the petitioner in this habeas corpus proceeding, 28 U.S.C. § 2254, was convicted by a jury on May 4, 1971 in the

Superior Court of the State of Delaware of murder in the second degree. Thereafter, he was sentenced to life imprisonment. His conviction was affirmed by the Delaware Supreme Court. *Wilson v. State,* No. 94, 1971 (Del.Sup., *filed* July 18, 1972).

Here petitioner [1] contends that he was denied his constitutional right to a fair trial because the state allegedly withheld from him a signed statement of George Pierce ("Pierce"), an eyewitness to the shooting, which statement is alleged to corroborate his trial testimony that he acted in self-defense.

The threshold question becomes whether petitioner "has exhausted the remedies available in the courts of the State" as required by 28 U.S.C. § 2254(b). In *Picard v. Connor,* 404 U.S. 270, 275–276, 92 S.Ct. 509, 512, 30 L. Ed.2d 438 (1971), the United States Supreme Court elaborated on this requirement as follows:

"We emphasize that the federal claim must be fairly presented to the state courts. If the exhaustion doctrine is to prevent 'unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution,' *Ex parte Royall* [117 U.S. 241 (1886)], at 251 [6 S.Ct. 734, at 740, 29 L.Ed. 868] it is not sufficient merely that the federal habeas applicant has been through the state courts. The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal

courts. See *Darr v. Burford* [339 U. S. 200 (1950)] at 203 [70 S.Ct. 587, at 589, 94 L.Ed. 761]; *Davis v. Burke,* 179 U.S. 399, 401–403 [21 S.Ct. 210, 45 L.Ed. 249] (1900)."

The state court record reveals that on September 27, 1973 the petitioner moved in the Delaware Superior Court for a new trial based on newly discovered evidence pursuant to Rule 33, Superior Court Criminal Rules.[2] The particularized grounds of his motion were that from the time of the shooting on August 1, 1970 until January 1973 the whereabouts of Pierce [3] were unknown but that he thereafter became available and willing to testify that the petitioner had acted in self-defense. Petitioner argued [4] that Pierce's *testimony* amounted to "newly discovered evidence" since he had exercised due diligence to locate Pierce without success prior to trial and that Pierce's *testimony,* if presented, would likely cause the jury to come to a different verdict.

The only mention of Pierce's signed *statement* (of which petitioner claims he first became aware at the May 1, 1974 evidentiary hearing on his Rule 33 motion) was an argument that the statement confirmed the veracity of Pierce's testimony given at the evidentiary hearing. No charge was made that the state wrongfully withheld the statement and no argument was advanced that petitioner's constitutional rights had been violated. The focus of the entire proceedings was to obtain a new trial on the grounds that Pierce's *testimony* constituted newly discovered evidence. Thus, it is clear that the substance of petitioner's constitutional claim made here regarding Pierce's *statement* was never fairly presented to the Superior Court.

The Superior Court denied petitioner's motion on the grounds that it was improbable that a different verdict would

---

Petitioner has been permitted to proceed *in forma pauperis.* (Docket Item 1).

2. Docket Item 6, State Exhibit 30.

3. Pierce left Delaware a week or so after the shooting and traveled in the South and finally surfaced in Florida in early 1973.

4. Docket Item 6, State Exhibit 38.

be rendered if a new trial were granted and Pierce testified at that trial. *State v. Wilson*, 233 Cr.A. '70 (Del.Super., filed July 29, 1974). The petitioner appealed this ruling to the Supreme Court of Delaware. A letter brief from the public defender's office was submitted to that court on the petitioner's behalf. In that letter, while arguing that the Superior Court erred in holding Pierce's testimony would probably not have altered the jury's verdict, the public defender also contended that Pierce's signed statement presented a *Brady v. Maryland* [5] problem in that the state allegedly had an affirmative and mandatory duty to disclose the statement to the petitioner and that the state's failure to do so before trial was a violation of petitioner's constitutional rights.

■ While it may therefore be said that the substance of petitioner's present claim was presented to the Supreme Court of Delaware, the fact a claim was presented to the Supreme Court of a state does not prima facie mean the petitioner has exhausted the available state remedies. For example, in *Ex parte Hawk*, 321 U.S. 114, 64 S. Ct. 448, 88 L.Ed. 572 (1944) a petitioner's contentions had been presented to the state courts only in an application for habeas corpus filed in the Nebraska Supreme Court, which it denied without opinion. From other opinions of that court, it appeared that the court usually did not entertain original petitions for habeas corpus, but rather remitted such a petition to a lower state court from whose decision an appeal could be had to the state Supreme Court. Since the petitioner had not availed himself of the lower court remedy, the U.S. Supreme Court held he had not effectively exhausted his state remedies. Also see

*Goham v. Wolff*, 471 F.2d 52, 54 (C.A. 8, 1972), *cert. denied*, 414 U.S. 834, 94 S.Ct. 174, 38 L.Ed.2d 69 (1973).

■ In the case at bar, petitioner's *Brady* arguments were never fairly presented to the Superior Court. They were advanced for the first time on appeal of the denial of a new trial in the Delaware Supreme Court. However, under Delaware law, issues may not be raised on appeal in the Delaware Supreme Court unless they were fairly presented to the court below. *Wilmington Memorial Co. v. Silverbrook*, 297 A. 2d 378, 380 (Del.Supr.1972); *Williams v. State*, 205 A.2d 9, 10–11 (Del.Supr. 1963); Rule 5(7) Delaware Supreme Court. Consequently, the Delaware Supreme Court never considered the *Brady* issue which had not been presented to the Superior Court. This is reflected in the Supreme Court's affirmance of the denial of a new trial on the ground that the Superior Court had not abused its discretion.[6]

Petitioner has, therefore, never properly or fairly presented the constitutional issue raised in this court to the Delaware court system, in spite of the fact Rule 35(a), Superior Court Criminal Rules, allows for such a state court review. Accordingly, this Court holds that the petitioner has failed to exhaust available state remedies and his petition for habeas corpus will therefore be denied. *Picard, supra.*

No probable cause exists for appeal. *Fitzsimmons v. Yeager*, 391 F.2d 849, 854 (C.A. 3, 1968), *cert. denied*, 393 U.S. 868, 89 S.Ct. 154, 21 L.Ed.2d 137.

### ORDER

For the foregoing reasons, the petition for habeas corpus is hereby dismissed and the writ is hereby denied.

---

5. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

6. *Wilson v. State*, 344 A.2d 386 (Del.Sup., *filed* January 10, 1975).